## Mitchell et al. v. State Highway Commission et al.

(Decided Feb. 3, 1933.)

C. R. LUKER and VIRGIL P. SMITH for appellants.

BAILEY P. WOOTTON, Attorney General, GARDNER K. BYERS, Assistant Attorney General, B. J. BETHURUM, JAMES DENTON, C. C. WILLIAMS and CLIFFORD E. SMITH for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This suit was instituted by interested citizens of Laurel county to enjoin the State Highway Commission

from constructing a road through Laurel county along what is known as the Swiss Colony route between Somerset and London, out of funds provided for in a contract between the county and State Highway Commission, whereby the county turned over to the commission $200,000, the proceeds of a bond issue, which the commission agreed to supplement with $600,000 of state funds for the construction of roads in Laurel county. The litigation centers around the proper construction to be given a clause of that contract which provides that "the order in which the roads will be selected will be left to the discretion of the State Highway Commission and the fiscal court; it being the purpose to select the roads in the order of their importance to the people."

The circuit court granted the injunction prayed for and mandatorily required the state highway commission to build the road on the southern, or Sublimity, route, whenever it undertook the construction. On an appeal to this court, that judgment was declared to be too broad, and was reversed with directions to limit the injunction so as to enjoin the expenditure of any of the $600,000 in Laurel county except in accordance with the agreement respecting the matter. State Highway Commission v. Mitchell, 241 Ky. 553, 44 S. W. (2d) 533, 536. In the course of the opinion it was said:

"It was not unreasonable to provide for a concurrence of the local with the state authority in proceeding with a public improvement in which both were interested. The matter to be decided was one of orderly procedure, and not a matter about which the state highway commission was forbidden to consult local interests. It retained its full power subject to the condition that it would consult the fiscal court as to the order in which it would expend the money on the state system in Laurel county. Hence the county, having fully performed its part of the agreement, was entitled to be consulted and to have its consent obtained as to the order in which the whole fund would be expended therein. It appears that the state highway commission is now prepared to expend the money in Laurel county, and if the parties are unable to agree upon the order of construction it does not result in delaying or defeating the contract. The

court may settle the matter in the event of a failure or inability of the parties to agree. Slade v. City of Lexington, 141 Ky. 214, 132 S. W. 404, 32 L. R. A. (N. S.) 201, Joy v. St. Louis, 138 U. S. 1, 11 S. Ct. 243, 34 L. Ed. 843. The parties here concerned are important public officials, and now being advised of the law, and of their duties respectively, we have a right to assume that they will encounter no difficulty in reaching an agreement.''

Upon a return of the case to the circuit court, the pleadings were amended, additional proof was taken, and, upon final submission, the court denied the injunction applied for and dismissed the petition as amended. Plaintiffs have appealed.

The pleadings and the evidence disclose that on October 7, 1931, the following resolution was adopted by the Laurel county fiscal court:

"In order to cooperate with the Kentucky Highway Commission in their plans for highway construction in Laurel county, and to prevent further unnecessary delay in their program of said highway construction; Resolved, that this fiscal court here and now approve the selection by the Kentucky Highway Commission of the Swiss Colony route for construction as the highway between London and Somerset.''

The fiscal court of Laurel county is composed of seven magistrates and the county judge. Four of the magistrates voted for the adoption of the resolution, and three voted in the negative. The county judge was present but did not vote. At a meeting of the Laurel county fiscal court on January 7, 1932, a motion to rescind the order of October 7, 1931, selecting the northern, or Swiss Colony, route, was rejected by a vote of four to three. After the fiscal court had acquiesced in the selection of the northern route, the state highway commission proceeded to let a contract for the construction of the road.

Appellants contend on this appeal that the order of the fiscal court of October 7, 1931, is null and void because it was not adopted by a majority vote, only four magistrates having voted for it, and, further, that it was obtained by fraud. They also contend that the members of the state highway commission and the fiscal court abused their discretion because, in the selec-

tion of the Swiss Colony route, they failed to select a road in the order of its importance to the people. The argument that the order of October 7, 1931, is void is answered adversely to appellants' contention by the opinion in the case of Lawrence County v. Lawrence Fiscal Court, 191 Ky. 45, 229 S. W. 139, where it was held that the county judge must be considered as voting in the affirmative where the record is silent as to his action and four justices of the peace voted for the adoption of the resolution and three voted against its adoption.

The members of the fiscal court who voted against the adoption of the resolution of October 7, 1931, and others who were present, stated that the resolution was offered and voted on without any discussion as to whether the northern or southern route was the more important to the people of the county, and it is argued that this shows that the adoption of the order was procured by fraud. Proof was also introduced as to statements made by the members of the fiscal court who voted for the resolution as to the motives which induced them to agree to the selection of the northern route as the first road to be built out of the $600,000 fund to be furnished by the state. None of the motives, however, appear to be unworthy and there is no evidence that the adoption of the resolution was procured by corrupt or fraudulent means. All of the magistrates who voted in the affirmative testified that, while no discussion was had when the resolution was offered and adopted, the question had been one of general public interest in the county for two or three years, and had been discussed by them and by the citizens of the county generally, and that the members of the fiscal court were thoroughly acquainted with the respective merits of the two routes. They voted for the resolution because they honestly believed that the road along the northern route, because it was shorter and less expensive to construct, would enable the county to procure more mileage on its state primary system with the funds available, and for these reasons it was more important to the people of the county as a whole that it should be built first.

The issue as to which road was of the more importance to the people was before this court on the first appeal. While that question was not discussed in the

opinion, yet it was presented, and the court in its opinion at least inferentially held that no abuse of discretion by the state highway commission had been shown by its failure to select the southern route. The excerpt from the opinion heretofore quoted shows that the matter was left open for the two official bodies to agree upon the route to be selected, and that the injunction as modified was to remain in force until an agreement was reached. That is the law of this case, and the question as to whether or not the members of the fiscal court and state highway commission abused their discretion in selecting the northern route and in refusing to select the southern route cannot again be litigated.

But another reason bars the way to a reversal of the judgment on account of the alleged abuse of discretion in the selection of the first road to be constructed out of the funds furnished by the state. The clause in the original contract between the fiscal court and the state highway commission, "it being the purpose to select the roads in the order of their importance to the people," was merely explanatory, and stated the *raison d'etre* of the immediately preceding portion of the same paragraph of the contract. It created no vested right in any citizen of Laurel county that would be affected by a modification of the contract. The contracting parties could change or modify the contract at any time, and that was done when the fiscal court accepted the proposal of the state highway commission to construct the road along the northern, or Swiss Colony, route, and adopted the resolution of October 7, 1931. The fact that the resolution was adopted and the route agreed upon before the opinion on the former appeal was delivered and the mandate issued does not render the agreement invalid because entered into prematurely as argued by appellants. The pendency of this litigation did not suspend the rights of the parties having control of the selection of the route to be constructed to enter into an agreement.

The judgment of the circuit court denying the injunction sought was and is correct, and it is affirmed.